69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerome T. SCAIFE, Plaintiff-Appellant,
v.
Annette M. JACKSON, Counsel Kansas City, Kansas, Wyandotte
County Municipality; Scott Taliaferro, Prosecutor at
Wyandotte County Courthouse, Kansas City, Kansas; Leo
Clegg, Police Officer at Kansas City, Kansas Police
Department, Defendants-Appellees.
 No. 95-3088.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Jerome T. Scaife has previously filed two petitions for federal habeas corpus relief in this court, the first in 1992. He filed this action on February 15, 1995, for relief pursuant to 42 U.S.C.1983 and 1988.
 
 
 3
 The events that petitioner alleges give rise to his complaint occurred in 1989. In examining a statute of limitations period for section 1983 actions, courts have turned to state law. See Board of Regents v. Tomanio, 446 U.S. 478, 483-84 (1980). The appropriate statute of limitations in this case is two years. See Kan. Stat. Ann. 60-513(a)(4). Petitioner argues that equitable considerations tolled the statute of limitations. We have reviewed his claims and determine that the statute of limitations has expired. We GRANT in forma pauperis status and AFFIRM the decision of the district court.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470